IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION



| | | |
|---|---|---|
| DEBORAH W. FELDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-078 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

*Pro se* Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff applied for DIB on April 5, 2004; this application was denied initially and upon reconsideration. Tr. ("R."), pp. 21, 33-35, 184-97, 198-203. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff, who was not

represented by a an attorney, testified on her own behalf; the ALJ also heard testimony from a Vocational Expert ("VE"). R. 375-393. The ALJ issued an unfavorable decision on December 18, 2007. R. 11-19.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has the following severe impairments: degenerative joint disease of the lumbar spine and left knee, and an affective disorder. (20 C.F.R. §§ 404.1520(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the Residual Functional Capacity ("RFC") to perform light exertional work with the additional limitations of only occasional climbing, no climbing of ladders, and only occasional balancing, stooping, kneeling, crouching, and crawling (20 C.F.R. §§ 404.1567(b)).[1] The claimant is capable of performing past relevant work as a postal clerk, a unit clerk and a medical clerk and assistant. The vocational analysis of record indicates that these jobs were performed at the light exertional level. This work does not

---

[1]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

2

require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR §§ 404.1565). The claimant has not been under a disability as defined in the Social Security Act, from May 26, 2003, through the date of this decision (20 CFR §§ 404.1520(f)).

R. 13-18.

When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having exhausted her administrative remedies, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the ALJ erred in not finding Plaintiff disabled. (Doc. no. 8).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Contrary to the Court's instructions (doc. no. 7, p. 3), Plaintiff has not enumerated any specific issues for judicial review, and she has not cited any authority in her brief. Plaintiff states that according to the social security administration definition of disability, she

believes she has been, and continues to be, disabled.² (Doc. no. 8). Additionally, Plaintiff attached some of her medical records and evaluations by Imelda M. Cruz-Banting, M.D., F.A.A.P.M.R.³ Thus, based on the tenor of her brief, Plaintiff seemingly wants the Court to revisit the issue of disability. This the Court will not do. As stated above, a determination as to whether there is substantial evidence in the record to support fact findings in a social security disability case does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. Without any specific enumerations of error, the Court is limited to scrutinizing the record in its entirety to determine whether substantial evidence supports the Commissioner's findings and whether the law has been correctly applied. 42 U.S.C. § 405(g).

At the time of the hearing, Plaintiff was 47 years old. R. 65. Plaintiff completed the 10th grade, and her past relevant work includes jobs as a postal clerk, a unit clerk, and a medical clerk and assistant. R. 70, 79. According to Plaintiff, she has been disabled since May 26, 2003, because of a bulging disc in her lumbosacral spine with radiculopathy, a lateral meniscal tear in her left knee, and depression. R. 69.

In his written opinion, the ALJ summarized the medical record. The ALJ performed

---

²Plaintiff relies on the following definition of disability:

[The] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

(Pl.'s Br., p. 1); see 42 U.S.C. § 423(d).

³The records/documents provided by Plaintiff were already a part of the record submitted by the Commissioner when he filed his answer.

5

a sifting review of most of the major pieces of evidence, including Plaintiff's contentions, and he methodically followed the five-step sequential evaluation process applicable in social security cases. See Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004) (describing the sequential evaluation process). Indeed, the ALJ, after considering the evidence of record, found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms . . . [but her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." R. 16. The ALJ's opinion included an analysis of Plaintiff's credibility in which he again summarizes some of the medical record. R. 16-18. The ALJ thoroughly set forth the findings of Kristi Hasten, an occupational therapist, and gave the evaluation of Ms. Hasten and the State Agency Physical Residual Functional Capacity Assessments, significant weight in determining Plaintiff's credibility. R. 18. However, there is one significant omission in the ALJ's otherwise thorough review of the evidence. The ALJ failed to identify Plaintiff's treating physician as a treating physician and failed to assign her opinion any weight.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or

considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

In this case, the ALJ failed to explain the weight assessed to Plaintiff's treating physician, Dr. Cruz-Banting. The ALJ's opinion sets forth the following concerning Dr. Cruz-Banting's opinion:

> The claimant was evaluated by Dr. Imelda M. Cruz-Banting on June 2, 2003. Dr. Cruz-Banting reported a diagnosis of lumbar strain/sprain with radicular manifestations and a left knee sp[r]ain following an accident while employed as a hospital CNA.

R. 13. The ALJ repeats this exact comment when addressing Plaintiff's credibility. R. 16.

The Commissioner concedes that the ALJ did not specifically discuss the weight given to Dr. Cruz-Banting's opinions, but argues that the error is harmless. Comm'r Br., p. 19. The Commissioner argues that because the ALJ identified jobs that did not require performance of tasks that exceeded the limitations proposed by Dr. Cruz-Banting, the error was harmless. (Id. at 19-20). The problem with the Commissioner's argument is that the ALJ never referenced Dr. Cruz-Banting's opinions regarding Plaintiff's proposed limitations. Indeed, the ALJ never identified Dr. Cruz-Banting as a treating physician.

The ALJ only addressed Plaintiff's June 2, 2003 initial evaluation with Dr. Cruz-Banting and reported her diagnosis that Plaintiff has a lumbar strain/sprain with radicular manifestations and a left knee sp[r]ain following an accident while employed as a hospital CNA. However, the record reflects that Plaintiff was seen and treated by Dr. Cruz-Banting on July 1, 2003, July 31, 2003, August 28, 2003, September 30, 2003, October 30, 2003, December 2, 2003, January 2, 2004, February 3, 2004, March, 2, 2004, April 2, 2004, May 4, 2004, June 1, 2004, July 1, 2004, and August 3, 2004. R. 147-53, 155–62. Additionally, Dr. Cruz-Banting opined, among other things, "The patient is found to be temporarily totally disabled in relation to present job description. The prognosis for full recovery is guarded," or, "The patient is still found to be totally disabled in relation to her present job description." R. 147-53, 155–62. Furthermore, Dr. Cruz-Banting's May 4, 2004 "follow-up evaluation" of Plaintiff provides, "The patient is still found to be temporarily totally disabled in relation to her job description. She is to avoid prolonged sitting, standing and walking. She cannot lift, push, pull or carry objects [greater than] 15 [pounds]."[4] R. 147.

Here, it is unclear what weight, if any, the ALJ gave Dr. Cruz-Banting's opinion; in fact, the ALJ never identified her as a treating physician. Although a treating physician's

---

[4] Of course, the ultimate decision regarding whether a claimant is disabled under the Social Security Act belongs solely to the Commissioner. 20 C.F.R. § 404.1527(e). However, Dr. Cruz-Banting's findings concerning Plaintiff's ability to sit for prolonged periods of time may contradict the light work requirements to the extent that light work involves sitting most of the time. R. 147. The Commissioner notes that case law establishes, "It is logical to assume that [the treating doctor's] reference to 'prolonged' sitting means sitting at least half of the workday." Comm'r Br., n.3 (citing Booth v. Barnhart, 181 F.Supp. 2d 1099, 1108 (C.D. Cal. 2002)). Regardless of the definition of prolonged, the fact remains that the ALJ's opinion does not reflect whether the ALJ evaluated Dr. Cruz-Banting's opinions/record, and/or considered the proposed limitations when determining Plaintiff's RFC.

8

opinion may be properly discredited, refusal to give a treating physician's opinion substantial weight requires that the ALJ show good cause. Schnorr, 816 F.2d at 578. Here the ALJ simply did not give any explanation as to what weight he gave Dr. Cruz-Banting's opinion. As noted supra, the ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Indeed, the Commissioner has recognized this duty in another case pending before the Court:

> However, when an ALJ rejects a treating physician or other examining source's medical opinion, he must give, "specific reasons for the weight given to the treating [or examining] source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating [or examining] source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p.

Brown v. Comm'r of Social Sec., CV 306-077, doc. no. 9, n.7 (S.D. Ga. Apr. 2, 2007). In this case, however, the ALJ has simply failed to satisfy this requirement.

The Commissioner's brief assesses Dr. Cruz-Banting's restrictions and concludes that the restrictions are not in conflict with the ALJ's finding that Plaintiff can perform her past relevant work. Comm'r Br., pp. 19-20. However, despite the Commissioner's apparent attempt to convince the Court that the ALJ's error is harmless, this post-hoc analysis from the Commissioner is not reflected in the ALJ's opinion.[5] Plainly, the ALJ does not state with

---

[5]The Commissioner argues, "[A]lthough the ALJ did not specifically discuss the weight he gave to Dr. Cruz-Banting's opinions, no error resulted, as Plaintiff could perform her past relevant work despite those opinions." Comm'r Br., pp. 19-20. The Commissioner relies on an unpublished per curium opinion that holds that the ALJ's failure to explain weight given to medical source's opinion addressing claimant's work-related limitations was harmless, as the jobs the ALJ identified at step five did not require the performance of tasks

9

particularity what weight - if any - he gave Dr. Cruz-Banting's opinion, let alone does he identify her as a treating physician.

The Court must review the decision as delivered by the ALJ, but here the Court is unable to perform any meaningful judicial review because the ALJ simply did not make her thought processes known in her decision. See Hudson v. Heckler, 755 F. 2d 781, 786 (11th Cir. 1985) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence). Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin, 748 F.2d at 1031. Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to identify Dr. Cruz-Banting as a treating physician and failed to state with particularity what weight (if any) he gave her opinion. The Court is mindful of

---

that exceeded those limitation. Caldwell v. Barnhart, 261 Fed. App'x 188, 191, Civil Case No. 07-12595 (11th Cir. Jan. 7, 2008). Caldwell addressed the ALJ's failure to explain what weight she gave to examining physicians. This case addresses the ALJ's failure to explain what weight he gave Dr.Cruz-Banting's opinion and his failure to identify her as a treating physician. Furthermore, the Commissioner, in his brief, assesses Dr. Cruz-Banting's opinions/records, and determines that her conclusion that Plaintiff is to avoid prolonged sitting, standing and walking and that Plaintiff cannot lift, push, pull or carry objects greater than 15 pounds falls with in the light work capacity. The Commissioner, in his brief, came to this determination even though light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. Importantly, however, the ALJ made no such assessment or determination.

the difficulties of evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with a sound, meaningful review of the administrative decision. Accordingly, this case should be remanded for proper consideration, in the first instance at the administrative level of review, of all of the medical opinions of record.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED AND RECOMMENDED this 27th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE